IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRENDA SIMMONS,              )
                             )
    PLAINTIFF,               )
                             )
VS.                          )          CV-03-H-2886-S
                             )
NORTEL NETWORKS, INC.,       )
                             )
    DEFENDANT.               )

## MEMORANDUM OF DECISION

This action was commenced in the Circuit Court of Jefferson County on August 29, 2003 to redress alleged violations by Nortel Networks, Inc. of Alabama Age Discrimination in Employment Act, Alabama Code §§ 25-1-20 et seq. Nortel removed the action to this court and on October 23, 2003 filed a motion for summary judgment supported by a memorandum of law with extensive exhibits. The primary ground of the motion for summary judgment is the statute of limitations, and the exhibits attached to the memorandum of law demonstrate that aspect of the motion has merit. Specifically, as pointed out in the October 28, 2003 order, the evidence attached to the memorandum of law demonstrates that plaintiff's employment with Nortel ended June 29, 2001. The October 28, 2003 order brought this to the attention of plaintiff and directed counsel for plaintiff to submit evidence, if there be any such evidence, in verified form by November 25, 2003 contradicting the June 29, 2001 termination date demonstrated by defendant's evidence.

Plaintiff has failed to submit the described evidence. Rather, on November 25, 2003 plaintiff advised the court she had sued the wrong plaintiff and moved for leave to amend the complaint and to remand the action to state court. The court is of the opinion that Nortel deserves better treatment for two reasons. First, Nortel was improperly sued and is entitled to a judgment reflecting no liability to plaintiff. Secondly, and equally as important, it is clear that the action against Nortel was untimely. While the law of Alabama may be unsettled as to whether the statute of limitations applicable to an action under the Alabama Age Discrimination in Employment statute is 180 days or two years,[1] this action against the wrong employer was untimely as it was clearly commenced more than two years after the undisputed termination of defendant on June 29, 2001.

Based on the foregoing, and the admission by plaintiff that she has sued the wrong defendant and her admission that she was terminated by defendant on June 29, 2001, the court will by separate order deny the motion for leave to amend, deny the motion to remand, and grant defendant's October 23, 2003 motion for summary judgment.

DONE this 26th day of November, 2003.

SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The court is of the opinion that the Alabama cases establishing the 180 day period of limitation quite likely set out the correct limitation period. In reaching this conclusion the court is aware that some cases have concluded the period of limitations is only 90 days or 450 days or as much as two years.